UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPEEDY CHECK CASHERS, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 17 C 1489 |
| | ) Judge Elaine E. Bucklo |
| UNITED STATES POSTAL SERVICE, | ) |
| Defendant. | ) |

**THE POSTAL SERVICE'S MOTION TO DISMISS**

The United States of America, by its attorney, Joel R. Levin, Acting United States Attorney for the Northern District of Illinois, moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and in support states as follows:

1. Plaintiff Speedy Check Cashers, Inc. sued the United States Postal Service in state court, alleging that the Postal Service declined to honor a payroll check upon presentment that had been issued by the Postal Service to employee Megan Anderson, and that Anderson later tendered to Speedy Check Cashers in exchange for cash, in violation of 720 ILCS 5/17-1(E) and 810 ILCS 5/3-806. The Postal Service removed the case to federal court under 28 U.S.C. § 1442 and 39 U.S.C. § 409(a) and now moves to dismiss for failure to state a claim.

2. Dismissal pursuant to Rule 12(b)(6) is proper if a complaint lacks enough facts "to state a claim [for] relief that is plausible on its face." *Cui v. Elmhurst Police Dep't*, No. 14 C 8330, 2017 WL 680318, *2 (N.D. Ill. Feb. 21, 2017) (alteration in original) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). While a

plaintiff need not plead "detailed factual allegations," the complaint must allege facts sufficient to "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

3. Plaintiff's claim under 720 ILCS 5/17-1(E) should be dismissed. For civil liability to exist under this section, a plaintiff "must show that the defendant: (1) delivered a check to obtain personal property; (2) knew at the time that the funds in the account were insufficient to pay the check; (3) acted with the intent to defraud; and (4) failed to pay on demand." *Banc Corp USA v. Perez*, No. 05 C 7307, 2006 WL 1594100, *7 (N.D. Ill. June 5, 2006). Sounding in fraud, a plaintiff must plead such claims with particularity to satisfy Rule 9(b). *Id.* Here, plaintiff's only relevant allegation is that "[u]pon information and belief, at the time of issuance of the Check, Defendant knew or should have known that the Check would be dishonored upon presentment. Alternatively, [upon] information and belief . . . Defendant took an affirmative action to ensure that the Check would be dishonored upon presentment." Compl. ¶ 8. This vague allegation fails to satisfy Rules 9(b) and 12(b)(6). *See id.*; *see also U.S. ex rel. Dolan v. Long Grove Manor, Inc.*, No. 10 C 368, 2014 WL 3583980, *6 (N.D. Ill. July 18, 2014) (Bucklo, J.) (noting that "upon information and belief" formulation fails to satisfy Rule 9(b) where plaintiff fails to "provide[] the grounds for his suspicions"). Nowhere in the complaint is there any suggestion why the Postal Service would know that an employee would attempt to cash a payroll check twice or why the Postal Service should be required to honor the same check twice. The claim should be dismissed. Speedy Check Casher's argument is with the person who presented the check, not with the Postal Service, which issued it expecting it to be cashed once and honored it the first time it was presented.

4. Speedy Check Casher's claim for interest, attorneys' fees, and costs under 810 ILCS 5/3-806 also fails. Compl. ¶ 14(C)-(E). This section provides liability for certain costs and expenses incurred where a check is not honored upon presentment "because the drawer does not

have an account with the drawee, or because the drawer does not have sufficient funds in his account, or because the drawer does not have sufficient credit with the drawee." 810 ILCS 5/3-806. Here, Speedy Check Cashers alleges that the check was not honored "by reason of 'refer to maker,'" (Compl. ¶ 7), but does not allege that the check was dishonored for any of the reasons for which § 3-806 confers liability. The claim should be dismissed.

WHEREFORE, this case should be dismissed as to the United States Postal Service for failure to state a claim upon which relief can be granted.

    Respectfully submitted,

    JOEL R. LEVIN
    Acting United States Attorney

    By: s/ Kristen E. Rau
        KRISTEN E. RAU
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-5351
        kristen.rau@usdoj.gov