**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SPEEDY CHECK CASHERS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17 C 1489 |
| v. ) | |
| ) | Hon. Elaine E. Bucklo |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**

Plaintiff, SPEEDY CHECK CASHERS, INC., an Illinois corporation ("Currency Exchange"), by its attorneys, David J. Frankel, Esq. and the Law Firm of Sorman & Frankel, Ltd., for its Response in Opposition to Defendant's, UNITED STATES POSTAL SERVICE ("Defendant"), Motion to Dismiss (the "Motion to Dismiss"), states as follows:

**BACKGROUND FACTS and PROCEDURAL HISTORY**

On or about August 12, 2016, Defendant issued one check, in the amount of $1,084.77, payable to Megan Anderson ("Payee") and drawn on Defendant's bank account (the "Check"). (*See* Verified Complaint, ¶4, Ex. "A"). The Check is a negotiable instrument in that it is an unconditional promise to pay a definite amount of money, upon demand, payable to order, without any restriction on the face of the instrument. (*Id.* at ¶5). After the Check was issued, it was tendered to and negotiated by Currency Exchange in exchange for cash paid to the Payee. (*Id.* at ¶6). Within thirty (30) days thereafter, Currency Exchange presented the Check for payment

1

and the Check was dishonored by reason of "refer to maker." (*Id.* at ¶7).[1] Currency Exchange was then charged a "return check" fee by its bank, totaling $25.00, dishonored due to same. (*Id.*).

Upon notification of the dishonorment of the Check, Currency Exchange then sent Defendant a safe harbor letter, providing Defendant the opportunity to, within 30 days, either remit payment to cover the face value of the check and the returned check fee and/or notify Currency Exchange why the Check was dishonored. (*Id.* at ¶11, Ex. "B"). Rather than remit payment or notify Currency Exchange the reason for dishonorment of the Check, Defendant ignored the letter. (*Id.* at ¶11). As such, Currency Exchange filed its Verified Complaint (the "Complaint") in the Circuit Court of Cook County, Illinois, Municipal Department, First District.

As set forth in the Complaint, Currency Exchange asserts first that it is a holder in due course entitled to enforce the Check against Defendant pursuant to 810 ILCS 5/3-301, et seq. (West 2017). As such, Currency Exchange is entitled to recover from Defendant in an amount equal to the face value of the Check, the returned check fee and its costs incurred. (*Id.*).

Further, based on the dishonorment of the Check by reason of "refer to maker," and Defendant's failure to provide any notification to Currency Exchange as to the reason for same, Currency Exchange asserts in the Complaint that it is entitled to also recover statutory treble damages and attorneys' fees from Defendant pursuant to 720 ILCS 5/17-1(E) (West 2017). (*Id.*).

In response, Defendant removed the Complaint to this Court and filed its Motion to Dismiss. In the Motion to Dismiss, Defendant assets that the Complaint fails to state a claim for which relief can be granted and, for the first time, put Currency Exchange on notice of

---

[1] "Refer to maker" is a catchall term that confers little information; it simply instructs the holder to contact a check's maker to learn the reason the check was dishonored.

2

Defendant's claim that the Check was dishonored by reason of "duplicate presentment." (*See* Motion to Dismiss).

Based on the foregoing, and for the following reasons, Defendant's Motion to Dismiss should be denied.

## ARGUMENT

**A. Currency Exchange Properly Plead Its Causes of Action in Its Complaint**

Dismissal under Rule 12(b)(6) is only proper if a complaint lacks sufficient facts to state a claim for relief that is facially plausible. *Cui v. Elmhurst Police Dep't,* No. 14 C 8330, 2017 WL 680318, *2 (N.D. Ill. Feb. 21, 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It is important to note, however, that Currency Exchange filed its complaint in the Circuit Court of Cook County, Illinois, Municipal Department – First District, a small claims court.

In Illinois state courts, "if a complaint in a small claims action clearly notifies the defendant of the plaintiff's claim, it states a cause of action." *Tannenbaum v. Fleming*, 234 Ill. App. 3d 1041, 1044, 600 N.E.2d 498, 500 (1992). Such a rule is consistent with the Supreme Court of Illinois's aim to establish "relaxed pleading requirements for small claims, *Id*., pursuant to Ill. Sup. Ct., R 282. Thus, Currency Exchange fully complied with the pleading standards of the court in which it filed this action.

B. **Currency Exchange is a Holder in Due Course**

While Defendant's motion attacks several of Currency Exchange's claims, it fails to address Currency Exchange's claim that it was a holder in due course, and thus entitled to enforce the Check against Defendant.

A holder in due course is "someone who takes an instrument that appears to be facially valid, for value, in good faith, without notice that it is overdue, dishonored or subject to uncured default with respect to payment, contains no unauthorized signature, has not been altered and is not subject to other defenses." *Coleman v. Heidke*, 291 Ill. App. 3d 670, 684 N.E.2d 163, 225 Ill. Dec. 688 (5th 1997); *see also DIF Bank Deutsche Investitions Finanz GmbH v. Fluormatic Corp. of Am.*, No. 86 C 6488, 1991 U.S. Dist. LEXIS 520, at *7 (N.D. Ill. Jan. 15, 1991). This definition mirrors the Illinois statute governing same. 810 ILCS 5/3-302(a) (West 2017). Moreover, the "crucial time in determining whether a holder of an instrument has notice of a claim or defense is at the time of negotiation." *Hatton v. Money Lenders & Associates, Ltd.*, 127 Ill. App. 3d 577, 469 N.E.2d 360, 82 Ill. Dec. 826 (1st 1984).

Here, Currency Exchange accepted, in good faith, the original Check in exchange for an immediate payment to the Payee. The check appeared to be facially valid, contained no unauthorized signature, and had not been altered. Further, at the time Currency Exchange accepted the Check, which is the "crucial time" mentioned in *Hatton*, it lacked knowledge of any kind that it had been or would be dishonored or that the Check had been previously deposited by some means or that it was subject to any other defenses. *Id*.

Setting aside the discrepancy between Defendant's assertion that the Check was dishonored due to duplicate presentment and the fact that the Check was instead returned "refer to maker,"

4

neither classification would affect Currency Exchange's rights as a holder in due course. Defendant bears the burden of establishing that, at the time Currency Exchange accepted the Check, Currency Exchange knew or should have known that it was a duplicate check. *See, A.C. Davenport & Son Co. v. United States,* 538 F. Supp. 730 (N.D. Ill. 1982), aff'd, *A.C. Davenport & Son Co. v. United States*, 703 F.2d 266 (7th Cir. 1983). Defendant has provided no proof of any kind that Currency Exchange had or should have had such knowledge at the time it accepted the Check from Payee. As such, Currency Exchange is a holder in due course entitled enforce the Check against Defendant and to recover the face value of the Check, the returned check fee charged to it and its costs.

### C. **Currency Exchange Is Entitled to Treble Damages**

Defendant further argues that Currency Exchange failed to plead facts sufficient to implicate Defendant in the kind of fraud covered under 720 ILCS 5/17-1(E). In its Motion to Dismiss, Defendant communicated to Currency Exchange for the first time that the Check was dishonored due to duplicate presentment. This claim is in direct contradiction to the reason stated on the Check as to why it was dishonored. The Check was returned "refer to maker," without mention of duplicate presentment. While no courts in this circuit have defined the term "refer to maker" to any degree, the term is generally understood to be broad and ill-defined. The use of this imprecise term effectively deprived Currency Exchange of the information necessary to identify or rule out a fraudulent scheme. Further, if the Check was dishonored due to duplicate presentment, the returned Check would evidence such, as duplicate presentment is a common reason for dishonoring checks and banks that dishonor instruments for that reason notify the holder of same.

Defendant seems to suggest that Currency Exchange should have known that the Check was dishonored without fraud. Yet, even after Defendant submitted its Motion to Dismiss and referenced, for the first time, its assertion that the Check was dishonored due to duplicate presentment, it remains unclear under what circumstances the Check was reissued or previously deposited and whether those circumstances that would defeat a cause of action under 720 ILCS 5/17-1(E). Defendant fails to set forth any facts to support or prove that the Check was, in fact, dishonored for that reason, that the Check had cleared its account due to another deposit or, disprove that it did not take an affirmative action to ensure that the Check would be dishonored upon presentment.

Further, by virtue of Defendant's failure to respond to the safe-harbor letter sent to it by Currency Exchange prior to filing suit, Currency Exchange had no way of knowing the reason for the Check's dishonorment other than that provided to it by Defendant's bank, *i.e.*, "refer to maker." Due to this lack of cooperation, and armed only with the information that the Check was dishonored by reason of "refer to maker," Currency Exchange is placed in the precarious position of defining that term for itself to identify Defendant's motive for not honoring the Check. Defendant is advancing an argument that would hamstring Currency Exchange's efforts to identify a potential fraudulently dishonored check by simultaneously relying on the amorphous term "refer to maker," on which it refused to elaborate upon request, and its factually unsupported claim that the Check was dishonored due to duplicate presentment. If the Check was dishonored due to duplicate presentment, the Check would (or should) reflect such. As has been stated, the Check does not so reflect; instead, it simply says "refer to maker."

Thus, Defendant asks this Court to dismiss Currency Exchange's *prima facie* claim premised solely upon a "fact" that is inconsistent with the stated reason for the dishonorment of

6

the Check at issue. Defendant has not provided any evidence that the Check was dishonored for non-fraudulent reasons. Currency Exchange pleaded this cause of action with the greatest particularity available to it and, as such, the Motion to Dismiss should be denied.[2]

### D. Currency Exchange is Entitled to Attorneys' Fees and Interest

Defendant also attacks Currency Exchange's claim for attorneys' fees and interest under 810 ILCS 5/3-806 because Currency Exchange failed to prove that the Check was dishonored "because the drawer does not have an account with the drawee, or because the drawer does not have sufficient funds in his account, or because the drawer does not have sufficient credit with the drawee." 810 ILCS 5/3-806. Once again, Defendant is sheltering itself behind the vagueness of the term "refer to maker." Without more facts—facts Defendant has refused to supply to Currency Exchange—it is impossible to know whether Defendant, as maker of the Check, had the Check dishonored for any of the reasons listed in the statute and upon which a claim could properly be made. As already stated, Defendant relies on information not in evidence, i.e., that the Check was dishonored due to duplicate presentment.

This Court should reject Defendant's attempt to shield itself from liability by hiding behind the hazy term "refer to maker."

### CONCLUSION

As a holder in due course, Currency Exchange is entitled to enforce the Check against Defendant. By failing to address the holder in due course claim asserted by Currency Exchange in the Complaint, it appears that Defendant concedes the issue. Further, due to the

---

[2] Notwithstanding the fact the Defendant relies on information not in evidence and therefore unknown to Currency Exchange, if Defendant can prove that the Check was dishonored due to duplicate presentment, Currency Exchange agrees that it would not be entitled to maintain a claim for treble damages.

imprecise meaning of the term "refer to maker," Currency Exchange pleaded its causes of action under 720 ILCS 5/17-1(E) and 810 ILCS 5/3-806 with the greatest level of particularity the circumstances permitted.

**WHEREFORE,** based upon the foregoing, Currency Exchange requests that this Court deny Defendant's Motion to Dismiss; and, for such other, further and different relief as this Court deems just and proper.

        Respectfully submitted,

        SPEEDY CHECK CASHERS, INC., an Illinois corporation,
        Plaintiff,

        By: _____/s/ David J. Frankel_____

        One of its Attorneys

David J. Frankel, Esq.
**Sorman & Frankel, Ltd.**
180 North LaSalle Street, Suite 2700
Chicago, Illinois 60601
(312)332-3535
(312)332-3545 (facsimile)
pleadings@sormanfrankel.com