UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SPEEDY CHECK CASHERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 1489 |
| v. | ) | |
| | ) | Judge Bucklo |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## THE POSTAL SERVICE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant United States Postal Service argued in its motion to dismiss that plaintiff Speedy Check Cashers, Inc.'s complaint should be dismissed for failure to state a claim for which relief can be granted.[1] Speedy Check Cashers seeks to force the Postal Service to make double payment on an employee's paycheck, where the employee caused multiple presentments. The statutes under which it brings its claims, however, do not require this illogical result. Speedy Check Cashers has failed to sufficiently plead its claims and should seek relief from the blameworthy party, not the Postal Service. The complaint should be dismissed in its entirety.

---

[1] To the extent this case sounds in *tort*, this matter should also be dismissed for lack of subject matter jurisdiction, as the Postal Service has not waived its sovereign immunity for any tort claims brought by Speedy Check Cashers. *See* 28 U.S.C. §§ 1346(b)(1), 2679(b)(1); *Duffy v. United States*, 966 F.2d 307, 311 (7th Cir. 1992). "Although district courts may not generally consider arguments raised for the first time in a reply brief, '[s]ubject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself.'" *Safety Sols., Inc. v. City of Chicago*, No. 11 C 1305, 2011 WL 3652446, *5 (N.D. Ill. Aug. 18, 2011) (alteration in original) (internal citation omitted) (quoting *Craig v. Ontario Corp.*, 543 F.3d 872 (7th Cir. 2008)). Not only did Speedy Check Cashers fail to plead that it administratively exhausted its remedies as required by the FTCA, *see* 28 U.S.C. § 2675(a), the Postal Service is not a suable entity under the FTCA. *See* 28 U.S.C. § 2679(a) (only appropriate entity suable under the FTCA is the United States itself); *see also Dilig v. U.S. Postal Service*, 635 F. Supp. 406, 407 (D.N.J. 1985) (dismissing FTCA case against Postal Service for lack of subject matter jurisdiction); *McNair v. U.S. Postal Service*, 446 F. Supp. 1156, 1157 (C.D. Cal. 1978) (same).

**Discussion**

The claim under 720 ILCS 5/17-1(E) must be dismissed because Speedy Check Cashers fails to plead the required elements: that the defendant have (1) delivered a check to obtain personal property, (2) knowing at the time that the funds in the account were insufficient to pay the check, (3) with intent to defraud, and (4) thereafter failed to pay on demand. *See Banc Corp USA v. Perez*, No. 05 C 7307, 2006 WL 1594100, *7 (N.D. Ill. June 5, 2006). Specifically, Speedy Check Cashers has failed to plead knowledge or intent to defraud. *See* Mot. at 2. Speedy Check Cashers responds that the Postal Service "has not provided any evidence that the Check was dishonored for non-fraudulent reasons." Br. at 7. This argument turns the pleading burden on its head, ignoring that Speedy Check Cashers must plead fraudulent intent with particularity and has failed to do so. *See* Mot. at 2 (citing *Banc Corp USA*, 2006 WL 1594100, *7 (requiring plaintiff to plead fraud element of 720 ILCS 5/17-1 with particularity)). Speedy Check Cashers argues that it should be excused from its pleading burden in this court because it complied with the pleading standards it contends apply to small-claims litigants in Illinois state court and because it "pleaded this cause of action with the greatest particularity available to it." Br. at 3, 7. This is not the pleading standard for averments of fraud in federal court. *See* Fed. R. Civ. P. 9(b); *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (noting that the heightened pleading standard of Rule 9(b) applies, not only to fraud claims, but to "averments of fraud"); Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."); *see also* Mot. at 2. Speedy Check Cashers cites no authority for the proposition that it is not now subject to the pleading requirements applicable to all federal litigants, nor can it. *See Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001) (federal procedural standards apply after removal). Indeed, it is revealing that Speedy Check Cashers has not sought leave to file an amended complaint to

comply with federal pleading standards, probably because it could not at this point affirmatively plead fraud in light of what it now knows. Finally, Speedy Check Cashers tellingly does not rebut the Postal Service's argument that its "information and belief" formulation is legally insufficient to satisfy its pleading burden for the element of fraudulent intent. *See* Motion at 2. To the contrary, this allegation is directly contradicted by the argument Speedy Check Cashers now makes that it lacks "the information necessary to identify or rule out a fraudulent scheme." *Compare* Compl. ¶ 8, *with* Br. at 5. For this reason alone, the claim fails.

Speedy Check Cashers' related assertion that it is a "holder in due course" of the check and is "thus entitled to enforce the Check against Defendant," Br. at 4, also fails as a matter of law. Speedy Check Cashers argues that Postal Service employee Megan Anderson presented her paycheck for payment and that the check "has not been altered and is not subject to other defenses." *Id.* (citation omitted). But, as the Postal Service argued in the motion, the check *is* subject to defenses: namely, that the Postal Service employee presented the paycheck to Speedy Check Cashers *after* having already presented the check through a remote capture deposit. Motion at 1-2. Under federal law, the remote capture process converts a physical check to a "substitute check,"[2] and the bank or entity accepting the remote capture deposit undertakes certain warranties to each subsequent handler of the check. *See* 12 U.S.C. §§ 5002(15), 5002(16), 5004, 5009; *see*

---

[2] Federal law defines "substitute check" as
 a paper reproduction of the original check that—
 (A) contains an image of the front and back of the original check;
 (B) bears a MICR line containing all the information on the MICR line of the original check, except as provided under generally applicable industry standards for substitute checks to facilitate the processing of substitute checks;
 (C) conforms, in paper stock, dimension, and otherwise, with generally applicable industry standards for substitute checks; and
 (D) is suitable for automated processing in the same manner as the original check.
12 U.S.C. § 5002(16).

3

*also* 12 C.F.R. §§ 229.52(b), 229.56(a)(1). In other words, when the employee presented the check to Speedy Check Cashers, it was a substitute check—meaning that Speedy Check Cashers' argument that it is a holder in due course entitled to enforce the check against the Postal Service is incorrect as a matter of law.[3] This is a logical result; otherwise, there would be no end to a check maker's liability for numerous improper presentments where, as here, a payee first used remote capture deposit and then later fraudulently sought to derive multiple payments from a single check. Speedy Check Cashers' dispute is with the employee or the bank that accepted the remote capture deposit and consequently undertook warranties regarding the check—not with the Postal Service. *Cf. Triffin v. Commerce Bank, N.A.*, No. 07-CV-1759, 2007 WL 1875533, *2 (D.N.J. June 28, 2007). Thus, the claim under 720 ILCS 5/17-1(E) fails because Speedy Check Cashers cannot satisfy its pleading burden, and the "holder in due course" argument is inapposite as a matter of law.

Speedy Check Cashers also complains of the Postal Service's "lack of cooperation" in responding to its demand letter of September 20, 2016. *See* Br. at 6; *see also* Compl., Ex. B. This argument is no more than a distraction from the legal insufficiency of the complaint. As a threshold matter, Speedy Check Cashers cannot now cast its demand letter as a "safe harbor letter" or a request for notification of why the check was dishonored. Br. at 2. The letter expressly identified itself as "AN ATTEMPT TO COLLECT A DEBT," and did not request clarification of the "refer to maker" endorsement. *See* Compl., Ex. B. Moreover, Speedy Check Cashers' response and the

---

[3] Speedy Check Cashers' primary legal authority, the 30-year old case of *A.C. Davenport & Son Co. v. U.S.*, 538 F. Supp. 730 (N.D. Ill. 1982), significantly predates recent and more specific federal law protecting the recipients of substitute checks as outlined above. *See Bitautas v. DuPage Cty. Sheriff John Zaruba*, No. 16 C 9416, 2016 WL 7231612, *4 (N.D. Ill. Dec. 14, 2016) ("It is a well-settled rule of statutory construction that when two statutes deal with the same subject, one specific and one general, the more specific statute controls.") (internal citation omitted).

4

letter itself both fail to consider that the Privacy Act, 5 U.S.C. § 522a, does not permit the Postal Service to disclose information such as the contact information of the employee or the name of a reconverting bank. Therefore, the Postal Service need not—indeed cannot—provide specific information to Speedy Check Cashers, nor does it have the obligation to explain to Speedy Check Cashers how to properly pursue its claims against appropriate defendants.

Speedy Check Cashers' claim under 810 ILCS 5/3-806 for interest, attorneys' fees, and costs also fails. The actionable bases under the statute simply do not include a situation where, as here, a check is stamped "refer to maker," and Speedy Check Cashers does not dispute this. Br. at 7; *see* 810 ILCS 5/3-806 (providing for liability where check is not honored upon presentment "because the drawer does not have an account with the drawee, or because the drawer does not have sufficient funds in his account, or because the drawer does not have sufficient credit with the drawee."). Instead, Speedy Check Cashers suggests that the term "refer to maker" is "generally understood to be broad and ill-defined." Br. at 5. Speedy Check Cashers again cites no legal authority for this proposition, nor does it explain why this would render the plain language of 810 ILCS 5/3-806, which does not include "refer to maker" as a basis for liability, inapplicable. *See Francis v. Snyder*, 389 F. Supp. 2d 1034, 1041 (N.D. Ill. 2005) ("The statute lists three circumstances under which a dishonored check may give rise to liability, and a drawer placing a 'stop payment' on the check is not among them. Under a plain reading of the statute, [the defendant] is not liable.") Indeed, no Illinois or federal case has ever applied 810 ILCS 5/3-806 to a case involving the "refer to maker" endorsement. Thus, this claim also fails.

Speedy Check Cashers has invoked statutes that simply do not apply here, and fails to adequately plead the claims it makes. Speedy Check Cashers is doubtlessly familiar with the requirements of these claims, however, having previously asserted them against the Postal Service

5

in similar circumstances in a nearly identical complaint, which it voluntarily dismissed. *See Speedy Check Cashers, Inc. v. U.S. Postal Service*, No. 11 C 3255 (N.D. Ill. 2011) (St. Eve., J.). Instead of pursuing the warranty claims provided by federal law against an appropriate defendant, it seeks to force the Postal Service to make double payment on an employee's paycheck. As a matter of law, Speedy Check Cashers' claims fail for lack of subject matter and for failure to state a claim, and its complaint should be dismissed in its entirety.

## Conclusion

For the reasons above, the complaint should be dismissed with prejudice.

Respectfully submitted,

JOEL R. LEVIN
Acting United States Attorney

By: s/ Kristen E. Rau
    KRISTEN E. RAU
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5351
    kristen.rau@usdoj.gov