UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPEEDY CHECK CASHERS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17 C 1489 ) ) Judge Bucklo |
| UNITED STATES POSTAL SERVICE, | ) ) |
| Defendant. | ) |

## ANSWER

The United States of America, by its attorney, Joel R. Levin, Acting United States Attorney for the Northern District of Illinois, for its answer to the complaint, states as follows:

### First Defense

Plaintiff's remaining claim under 810 ILCS 5/3-301 is barred due to plaintiff's failure to exhaust administrative remedies.

### Second Defense

The damages alleged by plaintiff were solely and proximately caused by the acts or omissions of third parties, persons, or entities, or their servants, agents, representatives, or employees, none of whom are agencies or employees of the United States.

### Third Defense

Answering the specific allegations of the complaint, the United States admits, denies, or otherwise avers as follows:

1. **Complaint:** Currency Exchange is a duly registered Illinois corporation with its principal place of business located at 425 Huehl Road, Building 3, Northbrook, Cook County, Illinois. Currency Exchange is a currency exchange regulated by the Illinois Department of Financial and Professional Regulation and its principal business activities include, among other things, providing check-cashing services to members of the general public for a fee.

**Response:** The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1; accordingly, they are denied.

2. **Complaint:** Defendant has, upon information and belief, its principal place of business located 433 W. Harrison Street, Chicago, IL.

**Response:** Deny. The Postal Service's principal place of business is located at 475 L'Enfant Plaza SW, Washington, D.C. 20260.

3. **Complaint:** Venue is proper in this Court pursuant to Section 5/2-101 of the Illinois Code of Civil Procedure, which provides that an action may be commenced "in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2-101 (West 2017). A portion of the parties' business dealings, as well as prior and subsequent acts and activities alleged and complained of herein, took place in Cook County, Illinois.

**Response:** The United States admits that venue in this district is proper, but under 28 U.S.C. § 1402(b) and 28 U.S.C. § 1442(a)(1). The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 3; accordingly, they are denied.

4. **Complaint:** On or about August 12, 2016, Defendant issued one check, in the amount of $1,084.77, payable to Megan Anderson ("Payee") and drawn on Defendant's bank account (the "Check"), a copy of which is attached as Exhibit "A."

**Response:** Admit.

5. **Complaint:** The Check is a negotiable instrument in that it is an unconditional promise to pay a definite amount of money, upon demand, payable to order, without any restriction on the face of the instrument.

**Response:** Deny.

6. **Complaint:** After the Check was issued, it was tendered to and negotiated by Currency Exchange in exchange for cash paid to the Payee.

**Response:** The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6; accordingly, they are denied.

7. **Complaint:** Within thirty (30) days thereafter, Currency Exchange presented the Check for payment and the Check was dishonored by reason of "refer to maker." Currency Exchange was charged "return check" fees by its bank, totaling $25.00, dishonored due to same.

**Response:** The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7; accordingly, they are denied.

8. **Complaint:** Upon information and belief, at the time of issuance of the Check, Defendant knew or should have known that the Check would be dishonored upon presentment. Alternatively, information and belief, upon issuance of the Check and placing same in the stream of commerce, Defendant took an affirmative action to ensure that the Check would be dishonored upon presentment.

**Response:** Deny.

9. **Complaint:** Pursuant to 810 ILCS 5/3-301, *et seq.* (West 2017), Currency Exchange is a holder in due course entitled to enforce the Check against Defendant.

**Response:** Deny.

10. **Complaint:** Additionally, pursuant to 720 ILCS 5/17-1(E) (West 2017), Currency Exchange is entitled to a judgment against Defendant for an amount "in addition to the amount owing upon such check or order, damages of treble the amount so owing, but in no case less than $100 nor more than $1,500, plus attorneys' fees and court costs[.]" 720 ILCS 5/17-l(E) (West 2017).

**Response:** The allegations in paragraph 10 relate to a claim dismissed by court order on June 8, 2017; accordingly, no response is required.

11. **Complaint:** Despite demand, Defendant has failed and refused to pay the balance due to Currency Exchange as identified in Currency Exchange's demand letter. (See Ex. "B").

**Response:** The Postal Service denies that there is any "balance due" to plaintiff.

12. **Complaint:** Defendant has reimbursed Currency Exchange none of the $1,109.77 due.

**Response:** The Postal Service denies that any funds are "due" to plaintiff.

13. **Complaint:** Currency Exchange has performed all conditions to be performed by it.

**Response:** Deny.

3

14. **Complaint:** Currency Exchange has suffered damages as a direct and proximate result of the actions or inactions of Defendant.

**Response:** Deny.

WHEREFORE, the United States requests that the case be dismissed with costs and that the court award such further relief as may be appropriate.

    Respectfully submitted,

    JOEL R. LEVIN
    Acting United States Attorney

    By: s/ Kristen E. Rau
        KRISTEN E. RAU
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-5351
        kristen.rau@usdoj.gov