**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SPEEDY CHECK CASHERS, INC., an Illinois corporation,<br><br>        Plaintiff,<br>vs.<br><br>UNITED STATES POSTAL SERVICE,<br><br>        Defendant(s). | Case No. 17 CV 01489<br><br>Judge Elaine E. Bucklo |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT**

Plaintiff, SPEEDY CHECK CASHERS, INC., an Illinois corporation, by its attorneys, SORMAN & FRANKEL, LTD., and hereby responds to Defendants' Motions to Dismiss or for summary judgment, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 56 respectively, as follows:

**BACKGROUND**

On or about August 12, 2016, Defendant issued one check, in the amount of $1,084.77, payable to Megan Anderson ("Payee") and drawn on Defendant's bank account (the "Check"). The Check is a negotiable instrument in that it is an unconditional promise to pay a definite amount of money, upon demand, payable to order, without any restriction on the face of the instrument. After the Check was issued, it was tendered to and negotiated by Plaintiff in exchange for cash paid to the Payee. Within thirty days thereafter, Plaintiff presented the Check for payment, which was dishonored by reason of "refer to maker", and consequently, Plaintiff was then charged a "return check" fee by its bank, totaling $25.00.

Subsequently, Plaintiff sent Defendant a safe harbor letter, providing Defendant the opportunity to explain why the Check was dishonored. Rather than explain why the Check was dishonored, Defendant elected to ignore the letter.

As a result, on January 19, 2017, Plaintiff filed its Complaint in The Circuit Court of Cook County, Illinois, Municipal Department – First District, under case number 2017 M1 101624. Defendant subsequently removed the case to this court under 28 U.S.C. § 1442 and 39 U.S.C. § 409(a) and moved to dismiss for failure to state a claim upon which relief could be granted. On June 8, 2017, an Order was entered granting Defendant's Motion to Dismiss, in part; leaving the question as to whether or not Plaintiff's claim, that it is holder in due course of the Check, pursuant to 810 ILCS 5/3-301, *et seq*., is barred because this Court lacks subject-matter jurisdiction, or in the alternative, is preempted by federal law, as the issues presented in the instant Motions.

For the following reasons, Defendants' Motions must be denied as they are factually and legally deficient.

## ARGUMENT

**I.     THIS COURT HAS SUBJECT-MATTER JURISDICTION**

Defendant has filed what appears to be a simple and unassuming Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), by subtly claiming that this court somehow lacks the subject-matter jurisdiction to hear the instant action pursuant to the "exclusive remedy" provision under 28 U.S.C. § 2679, *et seq*. Def.'s Mt. Dismiss at 3-4. When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff. Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. Sec. Investor Protection Corp. v. BDO Seidman, LLP, 222 F.3d 63, 68 (2d Cir. 2000). In this case, this Court has subject-matter jurisdiction because any technical defect in naming Defendant can be cured by amending the instant

Complaint and thus, Plaintiff can establish facts that would entitle it to the relief it seeks. Fed. R. Civ. P. 15.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, broadly waives the sovereign immunity of the United States with regard to suits in tort. It confers federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and "rendered" itself liable. Richards v. United States, 369 U.S. 1, 6, 7 L. Ed. 2d 492, 82 S. Ct. 585 (1962). This category includes claims that are: (1) against the United States; (2) for money damages, . . .; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the Government; (5) while acting within the scope of his office or employment; (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b).

Admittedly, the authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b), and the remedies provided therein in such cases shall be exclusive. 28 U.S.C. § 2679(a). Thus, if a suit is "cognizable" under § 1346(b) of the FTCA, the FTCA remedy is "exclusive" and the federal agency cannot be sued "in its own name," despite the existence of a sue-and-be-sued clause. See also, 39 U.S.C. § 409, *et seq*. A claim comes within this jurisdictional grant -- and thus is "cognizable" under § 1346(b) -- if it is "actionable" under § 1346(b). And a claim is actionable under § 1346(b) if it alleges the six elements outlined above. See, Loeffler v. Frank, 486 U.S. 549, 562 (1988) (§ 2679(a) limits the scope of sue-and-be-sued waivers in the context of suits for which [Congress] provided a cause of action

under the FTCA). What is more, the Supreme Court has consistently held that § 1346(b)'s reference to the "law of the place" means law of the State -- the source of substantive liability under the FTCA. See, e.g., Miree v. DeKalb County, 433 U.S. 25, 29, n.4, 53 L. Ed. 2d 557, 97 S. Ct. 2490 (1977); United States v. Muniz, 374 U.S. 150, 153, 10 L. Ed. 2d 805, 83 S. Ct. 1850 (1963); Richards, supra, at 6-7, 11; Rayonier Inc. v. United States, 352 U.S. 315, 318, 1 L. Ed. 2d 354, 77 S. Ct. 374 (1957).

**II.     PLAINTIFF IS A HOLDER IN DUE COURSE PURSUANT TO 810 ILCS 5/3-101,** *et seq*.

Alternatively, Defendant also filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, speciously claiming that Plaintiff's claim to being a holder in due course is preempted by federal law. Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56 (a),(c). When addressing a motion for summary judgment, courts construe the facts and make all reasonable inferences in favor of the non-movant. Jajeh v. County of Cook, 678 F.3d 560, 566 (7th Cir. 2012).

Pursuant to the Illinois Uniform Commercial Code, 810 ILCS 5/1-101, *et seq*. and its federal counterpart, U.C.C. § 1-101, *et seq*. ("UCC"), the Check is a "negotiable instrument" as that term is defined at 810 ILCS 5/3-104(a)(f); U.C.C. § 3-104(a)(f). Accordingly, Defendant, as issuer of the Check, is obligated to pay the instrument according to its terms; this obligation is owed to a party entitled to enforce the Check. 810 ILCS 5/3-412; U.C.C. § 3-412. A party, such as Plaintiff in this case, is "entitled to enforce" a negotiable instrument when that party is the holder of the instrument. 810 ILCS 5/3-301; U.C.C. § 3-301.

Both 810 ILCS 5/3-302 and U.C.C. § 3-302 state, in pertinent part, that a party becomes the "holder in due course" of a negotiable instrument if: (1) the instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity, and (2) the holder took the instrument (i) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series[…]. What is more, the question of whether a party is a holder in due course is an issue of fact. New Randolph Halsted Currency Exch., Inc. v. Regent Title Ins. Agency, 405 Ill. App. 3d 923, 928, 939 N.E.2d 1024, 1028 (2010).

In this case, after the Check was issued to the Payee, it was tendered to and negotiated by Plaintiff, who, after confirming the Payee's identity, took what was otherwise a facially valid check, for value, in good faith, and without notice that the instrument was overdue or had been dishonored, in exchange for cash paid to the Payee. When Plaintiff presented the Check for payment, only then was it notified that the Check had been dishonored by reason of "refer to maker." The crucial time in determining whether a holder has notice of a claim or defense is the time of negotiation of the instrument. Hatton v. Money Lenders & Associates, Ltd., 127 Ill. App. 3d 577, 580, 469 N.E.2d 360, 363 (1984); quoting Schranz v. I. L. Grossman, Inc. (1980), 90 Ill. App. 3d 507, 412 N.E.2d 1378.) Accordingly, it is abundantly obvious that Plaintiff is a holder in due course as contemplated by 810 ILCS 5/3-302 and U.C.C. § 3-302.

What is more, not only is Plaintiff a holder in due course, it is also a "holder" because at the time of negotiation, Plaintiff obtained physical possession of the Check. A party becomes the "holder" of a negotiable instrument when that instrument has been properly negotiated. 810 ILCS 5/3-201; U.C.C. § 3-201. If possession of an instrument is transferred by a non-issuer, the

transferee becomes the holder of the instrument. 810 ILCS 5/3-201(a); U.C.C. § 3-201(a). However, if the instrument is payable to a specified party, the transferee becomes a holder if possession of the instrument has been transferred and the instrument has been endorsed by the holder. 810 ILCS 5/3-201(b); U.C.C. § 3-201(b).

Here, once the Check was negotiated and transferred to Plaintiff by the Payee (non-issuer), Plaintiff became the holder of the check. This is especially true because the Check was made payable to a specified party, Plaintiff became a holder because possession of the instrument was transferred and the instrument had been endorsed by the holder.

Notwithstanding the foregoing, Defendant points to <u>1409 West Diversey Corp. v. JPMorgan Chase Bank, N.A.</u>, No. 16 C 256, 2016 U.S. Dist. LEXIS 101440 (N.D. Ill. Aug. 3, 2016) to support its contention that federal law preempts Plaintiff's holder in due course claims. <u>Def.'s Mt. Summ. J. at 4.</u> In <u>1409 West Diversey Corp.</u>, an employee of a hotel deposited two paychecks into her Chase bank account by using Chase's mobile check capture application on her smartphone. <u>Id</u>. at 1. Subsequently, this employee then presented these previously deposited paychecks at a Currency Exchange, wherein she was paid cash. <u>Id</u>. at 2. When the Currency Exchange presented the paychecks to the hotel's bank, said bank allegedly refused to honor them on the grounds that they had already been paid. <u>Id</u>. <u>The hotel was then allegedly obligated to pay the Currency Exchange</u>. <u>Id</u>. (Emphasis added.) Thereafter, the hotel filed suit against Chase in state court and included in its complaint a state law negligence claim. <u>Id</u>. Chase then removed the case to federal court and the court dismissed the hotel's claims because it failed to adequately state claim for negligence and, even if it did, federal law, pursuant to the National Banking Act, preempts the hotel's state law claims. <u>Id</u>. at 2, 6, 8. In particular, because the hotel was not a customer of Chase, Chase owed it no duty of care, and thus the hotel failed to meet a crucial

element of its negligence claim. Id. at 6. In addition, the court held that even if the hotel had stated a valid claim, it would still have been preempted by federal law. Id. at 7.

In the case at bar, however, Defendant's reliance on 1409 West Diversey Corp. and The Check Clearing for the 21st Century Act ("Check 21 Act"), 12 U.S.C. § 5001, *et seq*., to support its preemption theory is deeply misplaced. Specifically, Defendant contends that "The Check 21 Act explicitly states that its provisions 'supersede any provision of Federal or State law, including the Uniform Commercial Code, that is inconsistent with this chapter,' and these warranty remedies thus supplant relief via the holder-in-due-course theory." Def.'s Mt. Summ. J. at 5. However, The Check 21 Act conspicuously fails to designate parties, such as Plaintiff in this case, as those protected by aforementioned "warranty remedies" pursuant to 12 U.S.C. § 5004. Accordingly, because Plaintiff is not and cannot be eligible to enjoy the Substitute check warranties 12 U.S.C. § 5004 provides, The Check 21 Act in no way applies to Plaintiff, and Plaintiff's claim that it is the holder in due course survives. However, it is worth noting that as the maker of the check, the hotel in 1409 West Diversey Corp. would have had a valid claim against Chase pursuant to The Check 21 Act because it is one of the parties specifically protected therein.

Moreover, Defendant's claim that The Check 21 Act "supersede[s] any provision of Federal or State law, including the Uniform Commercial Code, that is inconsistent with this chapter", Def.'s Mt. Summ. J. at 5, is disingenuous at best because the phrase, "[…] but only to the extent of the inconsistency" was purposefully omitted. See, 12 U.S.C. § 5012. This distinction is significant because not only is there no inconsistency between Plaintiff's claim that it is a holder in due course pursuant to the Illinois UCC, but there is likewise no inconsistency between Plaintiff's claim and the parallel federal UCC. Accordingly, Defendant's Motion for Summary Judgment must be denied because it is factually and legally deficient and a genuine issue of

material fact remains because Plaintiff is a holder in due course, entitled to enforce the Check against its maker. 810 ILCS 5/3-301; U.C.C. § 3-301. The question of whether a party is a holder in due course is an issue of fact. New Randolph Halsted Currency Exch., Inc. at 928, *supra*.

WHEREFORE, pursuant to the foregoing, Plaintiff, SPEEDY CHECK CASHERS, INC., an Illinois corporation, respectfully moves this Honorable Court to deny Defendants' Motions to Dismiss or for summary judgment, plus any other relief this Court may deem just and equitable.

Respectfully submitted,

SPEEDY CHECK CASHERS, INC., an Illinois corporation,
Plaintiff,


By: /s/ David J. Frankel
    One of its Attorneys

David J. Frankel, Esq.
Kathleen M. Haggerty, Esq.
Brian D. Nevel, Esq.
**Sorman & Frankel, Ltd.**
180 North LaSalle Street, Suite 2700
Chicago, Illinois 60601
(312)332-3535
(312) 332-3545 (facsimile)
pleadings@sormanfrankel.com
Firm ID# 38341