IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Speedy Check Cashers, Inc., )
)
    Plaintiff, )
)
)
)
    v. ) No. 1:17-cv-1489
)
United States Postal Service, )
)
    Defendant. )

<u>Memorandum Opinion and Order</u>

Plaintiff Speedy Check Cashers, Inc. ("Speedy Check"), initiated this action against defendant United States Postal Service (the "Postal Service") in the Circuit Court of Cook County, Illinois, alleging state law violations relating to a dishonored payroll check. The Postal Service removed the case to federal court and moved to dismiss the case for failure to state a claim, which I granted in part and denied in part. The Postal Service now moves to dismiss Speedy Check's remaining holder-in-due-course claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), and, in the alternative, it moves for summary judgment on the basis of federal preemption. For the reasons set forth below, I deny both motions.

Because "[s]ubject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever[,] it may

be inquired into at any time, with or without a motion, by any party or by the court itself." *Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008). When considering a motion to dismiss for failure to sufficiently allege a basis for subject matter jurisdiction, I "accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). To survive a motion to dismiss for lack of subject matter jurisdiction, the plaintiff—whose burden it is to establish jurisdiction—must set forth enough details to plausibly support a claim of subject matter jurisdiction. *Id.* at 174.

The Postal Service urges dismissal of the complaint pursuant to Rule 12(b)(1) because, in the its view, the complaint asserts claims for which the Postal Service has not waived sovereign immunity and names the wrong defendant—the Postal Service, rather than the United States—to assert a claim under the Federal Tort Claims Act ("FTCA"). It is true that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). But when Congress includes in a federal entity's enabling legislation that it may sue and be sued, this waiver of sovereign immunity "should be liberally construed." *Loeffler v. Frank*, 486 U.S. 549, 554 (1988). "When Congress created the Postal Service in 1970, it empowered the Service 'to

sue and be sued in its official name.'" *Id.* at 555-56 (quoting 39 U.S.C. § 401(1)). Moreover, 39 U.S.C. § 409(a)—the very same statutory provision cited by the Postal Service to remove this action to federal court—states that, "[e]xcept as otherwise provided in [Title 39], the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service." By including these provisions in the Postal Service's charter, "Congress has cast off the Service's cloak of sovereignty and given it the status of a private commercial enterprise." *Loeffler*, 486 U.S. at 556 (internal quotation marks omitted). In the absence of a clear exception, "it must be presumed that...[the Postal Service] is not less amenable to judicial process than a private enterprise under like circumstances would be." *Id.* at 554-55.

The Postal Service's right to sue and be sued does not authorize suits against it on claims which are cognizable under the FTCA. 28 U.S.C. § 2679(a); 39 U.S.C. § 409(c). But, as the Postal Service argues in its reply brief, Speedy Check's holder-in-due-course claim is not cognizable under the FTCA because it does not involve a negligent or wrongful act or omission by a Postal Service employee within the scope of his or her employment. *See* 28 U.S.C. § 1346(b). That Speedy Check's claim falls outside of the FTCA's scope does not mean that the Postal Service is immune to the suit. Pursuant to Congress's general

3

waiver of the Postal Service's sovereign immunity in 39 U.S.C. § 401(1) and 39 U.S.C. § 409(a), the Postal Service is still "amenable to judicial process [as a] private enterprise under like circumstances would be." *Loeffler*, 486 U.S. at 554–55. The Postal Service's motion to dismiss for lack of subject matter jurisdiction is therefore denied.

The Postal Service argues, in the alternative, that it is entitled to summary judgment because Speedy Check's remaining holder-in-due-course claim is preempted by federal law, specifically by the Check Clearing for the 21st Century Act ("Check 21 Act"), 12 U.S.C. §§ 5001, *et seq.* A moving party is entitled to summary judgment when it demonstrates that "there is no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When considering motions for summary judgment, courts take "the facts and all reasonable inferences in favor of the nonmoving party." *Schaefer-LaRose v. Eli Lilly & Co.*, 679 F.3d 560, 571 (7th Cir. 2012). If a claim is preempted by federal law, summary judgment may be appropriate. *See McMullen v. Medtronic, Inc.,* 421 F.3d 482, 490 (7th Cir. 2005) (affirming a district court's grant of summary judgment in favor of the defendant because federal law preempted the plaintiff's state-law claim).

4

Pursuant to the Supremacy Clause of the Constitution, "Congress has the power to preempt state law." *Arizona v. United States*, 567 U.S. 387, 399 (2012); *see* U.S. Const. Art. VI, cl. 2. Congress can preempt state law with an express preemption provision. *Arizona v. United States*, 567 U.S. at 399. State laws can also be preempted by federal law when they involve a field that Congress exclusively governs, or when they conflict with federal law. *Id.* at 399-400.

Here, the Postal Service argues that Speedy Check's holder-in-due-course claim is preempted because this state law theory conflicts with provisions of the Check 21 Act. Enacted in 2003, the Check 21 Act seeks to "improve the overall efficiency of the Nation's payments system" by authorizing the use of substitute checks, which are paper reproductions of original checks. 12 U.S.C. §§ 5001(b)(3), 5002(16). Under the Check 21 Act, a substitute check becomes the "legal equivalent of the original check for all purposes, including any provision of any Federal or State law, and for all persons" so long as it conforms with certain requirements. 12 U.S.C. § 5003(b). To protect other parties, a bank that transfers or presents a substitute check for consideration "warrants, as a matter of law, to the transferee, any subsequent collecting or returning bank, the depositary bank, the drawee, the drawer, the payee, the depositor, and any endorser" that "no depositary bank, drawee,

drawer, or endorser will receive presentment...of the substitute check [or] the original check...such that the bank, drawee, drawer, or endorser will be asked to make a payment based on a check that the bank, drawee, drawer, or endorser has already paid." 12 U.S.C. § 5004. The Check 21 Act states that it "shall supersede any provision of Federal or State law, including the Uniform Commercial Code, that is inconsistent with [the Check 21 Act], but only to the extent of the inconsistency." 12 U.S.C. § 5012.

According to the Postal Service, the sections of the Illinois Commercial Code that would permit Speedy Check to enforce the check against the Postal Service as a holder in due course are "fundamentally at odds" with the Check 21 Act's scheme to encourage mobile banking. Def's Reply at 7. Specifically, the Postal Service argues that the warranty remedies contained in 12 U.S.C. § 5004 "supplant relief via the holder-in-due-course theory." Def's Memo. at 5. But, as Speedy Check points out, the Check 21 Act's substitute check warranties do not actually protect a party who, like Speedy Check, takes an original check for value and in good faith after a substitute check has been created by another entity. *See* 12 U.S.C. § 5004 (warranties flow from a bank that presents a substitute check to the "transferee, any subsequent collecting or returning bank, the depositary bank, the drawee, the drawer, the payee, the

6

depositor, and any endorser"). The Postal Service, as the drawer of the original check, is protected by the substitute check warranties. *See id; see also* 69 Fed. Reg. 62553 ("Under [the Check 21 Act's] chain of warranties and indemnities, losses generally will be borne...by the reconverting bank [i.e. the entity responsible for creating the substitute checks], although the Act contains comparative negligence provisions to protect the reconverting bank from losses attributable to another person's fault."). But Speedy Check, as the transferee of a non-substitute check, is not.[1] The Check 21 Act therefore does not supplant the relief Speedy Check seeks under state law. Because the provisions of the Illinois Commercial Code upon which Speedy Check relies for its holder-in-due-course claim—810 ILCS §§ 5/3-301, 5/3-302, 5/3-412—are not inconsistent with the Check 21 Act in this context, and because these state-law provisions do not otherwise stand in the way of the Check 21 Act's objectives, Speedy Check's remaining claim is not preempted. Accordingly,

---

[1] The Postal Service cites *Triffin v. Commerce Bank, N.A.*, No. CIVA 07CV1759 WJM, 2007 WL 1875533 (D.N.J. June 28, 2007), for the proposition that Speedy Check is a substitute check recipient protected by the Check 21 Act's warranties. But nothing in this case suggests that 12 U.S.C. § 5004 covers a party in Speedy Check's position. *Id.* at *1 (noting that the ultimately dismissed warranty claims concerned a bank's return of photocopied checks that were missing terms in the original checks); *see also* 69 Fed. Reg. 62553 ("The Check 21 Act allocates losses only among parties that handle a substitute check.").

the Postal Service does not meet its initial burden as the party moving for summary judgment.

For the foregoing reasons, the Postal Service's motion to dismiss Speedy Check's complaint and its alternative motion for summary judgment are denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: December 12, 2017